Dear Mr. Teague:
Your opinion request informed our office that the Board of trustees of the State Employees Group Benefits Program is considering a proposal to adopt and operate a self-funded life Insurance program pursuant to its authority under La. R.S. 42:821, 871, 874. This would be a program for state employees and participating school boards. Under the program a clearly defined amount would be paid to a beneficiary designated by the employee, upon the death of the employee. Employees would pay premiums for such coverage.
In light of the above facts your request asked whether the proceeds paid under such a program would be considered as:
 1. An amount received under a life insurance contract and therefore excluded from the beneficiaries gross income for state income tax purposes under La. R.S. 47:43(A); or
 2. An amount paid by an employer by reason of the employee's death, with only a limit of $5,000.00 excludable from the beneficiaries gross income under La. R.S. 47:43(B)?
The question, simply put, is, whether or not the proceeds under this plan, are to be treated as proceeds under a life insurance policy for tax purposes or are they to be included in the beneficiaries gross income, with exception of the $5,000.00 exclusion allowed by La. R.S. 47:43(B).
The state law applicable is La. R.S. 47:43. The pertinent sections are;
 "Exclusion from gross income: certain death benefits
 A. Proceeds of life insurance contracts payable by reason of death.
 (1) General rule. Except as otherwise provided in sub-section A (2) of this section and in sub-section D of this Section, gross income does not include amounts received under a life insurance contract whether in a single sum or otherwise, if the amounts are paid by reason of the death of the insured."
 "B. Employee's death benefits.
 (1) General rule. Gross income does not include amounts received by the beneficiaries or the estate of an employee, whether in a single sum or otherwise, if such amounts are paid by or on behalf of an employee and are paid by reason of the death of the employee.
 (2) Special rules. The following rules and limitations apply to subsection B(1) of this section.
 (a) $5,000.00 limitation. The aggregate amounts excludable with respect to the death of any employee shall not exceed $5,000.00."
Based on the facts presented, it is the opinion of this office that the plan proposed by Group Benefits is similar to a group life insurance policy, therefore the amounts received by a beneficiary would be excluded from the beneficiaries gross income for state income tax pursuant to La. R.S.47:43(A).
The factors we rely on in reaching this conclusion are as follows:
 1) Payment of a non-refundable premium by the covered employee. No refund in the event of the employee's resignation.
 2) Payment of a clearly defined amount to the beneficiary upon the death of a participating employee.
 3) Risk shifting between the employee's estate and Group Benefits, effecting the classic insurance gamble, e.g., the employee bets the insuring group, here Group Benefits that he will die while covered. Should he survive until he leaves employment or drops coverage, he loses the bet and his premium money.
 4) Accumulation of premium money from many insured into a fund from which death benefits are paid.
La. R.S. 47:43 is virtually identical to the Internal Revenue Code provision, 26 U.S.C. § 101. Therefore federal decisions interpreting that section are helpful in reaching our conclusion. In Ross v. Odom401 F.2d 464 (5th Cir. 1968) the court decided the question of whether a payment received by a beneficiary under the Georgia Survivor's Benefit Program was a life insurance benefit excludable from gross income or a partially exempt employer provided death benefit. The court found that the amount was totally excluded as it would be in a life insurance contract. The court found the four factors listed below present in the Georgia case.
 1) The presence in a binding arrangement of risk shifting and risk distribution.
 2) The payment of premiums or assessments by a number of individuals into a common fund out of which the payee's beneficiary will be paid a certain amount upon his death regardless of whether that amount is more or less than the decedent has paid in.
 3) Risk shifting emphasizes the individual aspect of insurance: The effecting of a contract between the insurer and insured each of whom gamble on when the latter will die.
 4. Risk distribution emphasizes the social aspect of insurance: spreading the cost of the potential loss throughout the group.
As discussed above, these factors are also present in the proposed group benefits program. Factors which would tend to disqualify the death benefit from the exclusion where discussed in Barnes v. United States 801 F.2d 984
(7th Cir. 1986). That case dealt with a survivor insurance benefit of the Illinois State Universities' Retirement System. That court found the benefits paid to the widow, not excludable under the Internal Revenue Code, section 101(a). The Barnes Court focused on three factors, none of which are present in the Group Benefits proposal.
 1. Refundability of contributions.
 2. The interrelationship between retirement, disability, death benefit, and the survivor insurance program. One fund contains all.
 3. Restrictions on the right to receive benefits.
As previously stated, what Group Benefits proposes, is in essence, group life insurance, separate and distinct from its other services. The death benefits are excludable from the beneficiaries gross income under La. R.S.47:43(A).
We hope that the above answers you question.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General